, Field *v.* Towle.

=======

FIELD *versus* TOWLE.

For labor done upon the highway, under the surveyors' express promise to pay for it, an action may be maintained against him, although the laborer may not have satisfied the jury, that the defendant *intended* to render himself *personally* liable.

A highway surveyor has no authority to employ laborers upon the highway, upon the credit of the town, except by the written consent of the selectmen, when the money appropriated for the repairs within his limits, prove to be insufficient.

ON EXCEPTIONS from the District Court, HATHAWAY, J.

ASSUMPSIT for labor done upon the highway, of which the defendant was the surveyor. The testimony tended to show that the defendant employed the plaintiff to do the work, saying he would pay him for it. The defendant requested instruction to the jury that the plaintiff could not recover, unless from the terms of the contract and the relations of the parties, they were satisfied the defendant *intended* to render himself *personally* liable. This request was refused, and the jury were instructed *that*, if the defendant requested the plaintiff to do the labor, and promised to pay him for it, if he would do it, and if the plaintiff, for that consideration, agreed to do it and did do it, *on the faith of the defendant's promise*, then the plaintiff was entitled to recover; also *that* the defendant had no authority, as highway surveyor, to employ the plaintiff upon the credit of the town, so as to give him a right of action against the town. The verdict was against the defendant and he took exceptions.

Field *v.* Towle.

*A. Sanborn*, for the defendant.

*Peters*, for the plaintiff.

WELLS, J. — The question presented to the jury was, whether a contract had been made between the parties, by which the defendant had bound himself personally to pay for the labor performed by the plaintiff.

The first requested instruction was properly refused, for the rights of the parties could not be determined by the unexpressed intentions of the defendant.

The question to whom the credit was in fact given was properly presented to the jury. They were informed, that if there had been an express contract, and the plaintiff relied upon the defendant's promise to pay him for his services, he would be entitled to recover.

It is provided by c. 25, § 68 of the R. S., that if a town does not direct the way and manner in which obstructions caused by snow shall be removed, the surveyor may use his own discretion as to the mode of effecting that object. His discretion is to be applied to the manner of making the highways passable. The seventy-fourth section of the statute prescribes his duty when the sum appropriated for the repair of ways in his limits is insufficient; he may then employ inhabitants of the town, "with the consent of the selectmen obtained in writing" in repairing such ways, and the persons thus employed will be entitled to a reasonable compensation from the town. No other provision appears to have been made for the insufficiency of money assessed for the repair of ways. The removal of the snow by which they are incumbered is considered as a repairing of them within the sense of the statute. *Loker* v. *Brookline*, 13 Pick. 343. The surveyor therefore, merely as such, without the consent in writing of the selectmen, had no power to create a liability upon the town, and the instruction in reference to this subject was correct.

SHEPLEY, C. J., RICE and APPLETON, J. J. concurred.

*Exceptions overruled.*